## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SPENCER BRADBURY                                                                    PLAINTIFF

v.                                          No. 4:15CV00644 JLH

W. ANDREW HOLITIK;
EDWARD WAGONER;
and W. ANDREW HOLITIK
FLORAL EVENTS AESTHETICS                                                    DEFENDANTS

### OPINION AND ORDER

Spencer Bradbury commenced this action in the Circuit Court of Pulaski County, Arkansas,

on July 2, 2014, against W. Andrew Holitik, Edward Wagoner, and W. Andrew Holitik Floral

Events Aesthetics alleging claims for breach of contract and fraud. The dispute arises out of a

contract entered into by the parties on June 27, 2013, pursuant to which the defendants were to

complete an unpacking and interior decorating job of Bradbury's home in Austin, Texas. Bradbury

alleges that the defendants not only failed to complete the job, but exceeded the agreed-upon price.

The defendants removed the action to this Court on October 16, 2015, based on diversity jurisdiction

under 28 U.S.C. § 1332(a). Bradbury has filed a motion to remand. For the following reasons,

Bradbury's motion to remand is denied.

Section 1441(a) provides that "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant" to federal

district court. *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 938 (8th Cir.

2014) (quoting 28 U.S.C. § 1441(a)). "Federal courts are to 'resolve all doubts about federal

jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl*

*v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v.*

*Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). Bradbury is a

citizen of Texas, the defendants are citizens of Arkansas, and the complaint seeks compensatory damages of $100,501.00. This Court has diversity jurisdiction over Bradbury's breach of contract and fraud claims because the parties are citizens of different states and the alleged damages satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a). Nevertheless, Bradbury argues that this action must be remanded to state court because the defendants' notice of removal was untimely. Document #20 at 1, ¶1. The defendants argue that the notice of removal was timely because they were unable to ascertain that the case was removable until October 13, 2015. Document #22 at 5.

Section 1446 of Title 28 establishes the procedure for removal of civil actions from state court. Relevant to this action are sections 1446(b)(1), (3) and (c)(1), which provide:

> (b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> (c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Bradbury argues that the thirty-day period for timely removal under 28 U.S.C. § 1446(b)(1) was triggered when he served the defendants with the original complaint on July 2, 2014. Document #20 at 3. The defendants argue that the thirty-day period was triggered when the parties took Bradbury's

deposition on October 13, 2015 and "it became clear to Defendants for the first time, that Bradbury was a citizen of Austin, Texas at the time he filed the original complaint."  Document #22 at 5.

Regarding Bradbury's citizenship, which is the crux of this jurisdictional dispute, the initial complaint and two amended complaints allege that "Plaintiff Spencer Bradbury is an individual citizen and has been a resident of Pulaski County, Arkansas for more than sixty (60) days prior to the filing of this action."  Document #2 at 2, ¶4; Document #5 at 2, ¶4; Document #12 at 2, ¶4. During his deposition on October 13, 2015, however, Bradbury stated that his current mailing address was in Austin, Texas, and that he had lived at that address for more than two years. Document #21 at 13.  The defendants filed a notice of removal in this Court on October 16, 2015, three days after the deposition.  Document #1.  Bradbury does not dispute his Texas citizenship.  *See* Document #20.  Rather, he argues that because the original complaint alleges that the dispute arose from Holitik's failure to complete a contractual obligation to redecorate his Austin, Texas home, which is located at the address Bradbury provided during his deposition, the defendants were able to ascertain his citizenship from the original complaint.  *Id*. at 4.

The Eighth Circuit has considered what it takes for a case to be removable "as stated" in the initial pleading in the context of the amount in controversy requirement.  *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974 (8th Cir. 2011).  The court quoted an earlier case, stating: "'We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.'"  *Id*. at 974 (quoting *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000)).  This rule "promotes certainty and judicial efficiency by not requiring the courts to inquire into what a particular defendant may or may not subjectively know."  *In re Willis*, 228 F.3d at 897.  *See also*

*Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) ("[T]he summons with notice names RJU as a defendant and seeks damages and equitable relief with respect to this entity, but does not disclose its address.  This defect makes it impossible to assess whether there is complete diversity and, hence, a basis for removal. Accordingly, we find no error with the district court's conclusion that removability could not be ascertained from the face of that document."); *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993) ("The inquiry begins and ends within the four corners of the pleading.  The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present.").

Applying this interpretation of section 1446(b)(1), the face of Bradbury's initial pleading did not disclose his Texas citizenship and therefore did not trigger removal based on diversity jurisdiction.  While Bradbury is correct that the original complaint makes specific factual allegations about his Texas home and about Holitik's visits to that home, it also alleges that he "is an individual citizen and has been a resident[1] of Pulaski County, Arkansas, for more than sixty (60) days prior to the filing" of this action.  Holitik's last alleged visit to Bradbury's Texas home occurred in November 2013, but Bradbury argues that Holitik should have known of his Texas citizenship at the

---

[1] While the term "resident" does not equal citizenship, *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014), neither does hiring someone to unpack and redecorate a house.

time the complaint was filed.[2]  Document #20 at 3-4.  In *Knudson*, the Eighth Circuit did not require a defendant to "glean" the amount in controversy from the complaint, which alleged that a plaintiff suffered permanent lung damage and would be unable to be gainfully employed in the future, and this Court will not hold that the defendants should have interpreted the complaint to disclose Bradbury's Texas citizenship when he expressly alleged that he was "an individual citizen and . . . a resident of Pulaski County, Arkansas," at the time the complaint was filed.  *See Knudson*, 634 F.3d at 974.

Bradbury argues that a deposition is not "other paper" as required by section 1446(b)(3).  *See* Document #20 at 2, ¶11.  The Eighth Circuit has said that "oral statements, made at a court hearing and later transcribed, like deposition testimony, satisfy § 1446(b)(3)'s 'other paper' requirement." *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013).  As authority for the proposition that deposition testimony satisfies section 1446(b)(3)'s "other paper" requirement, the Eighth Circuit favorably cited *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010), where the court held that deposition testimony, like interrogatories, can constitute "other paper" within the meaning of section 1446(b), and *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465-66 (6th Cir. 2002), where the Sixth Circuit joined "the majority of courts" in holding that a plaintiff's responses to deposition questioning may constitute "other paper" under section 1446(b).  The Eighth Circuit's opinion in *Atwell* supports the conclusion that deposition testimony meets section 1446(b)(3)'s "other paper" requirement.

---

[2] "The jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties *at the time the action is commenced*."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) (emphasis added).

The case therefore became removable on October 13, 2015, when the defendants learned during Bradbury's deposition that he was a citizen of Texas at the time he commenced the action. At that point, the complete diversity between Bradbury and the defendants became ascertainable, triggering the thirty-day removal period in section 1446(b)(3).  The defendants removed the case within that thirty-day period.

They did not, however, remove it within one year of the date that the action was commenced. The Eighth Circuit has held that the one-year rule in section 1446(c)(1) applies only to cases that were not initially removable.  *Brown v. Tokyo Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002).  In *Brown*, diversity jurisdiction existed at the time the initial complaint was filed, but the defendant did not properly remove the case to federal court.  *Id*. at 872.  Nine months later, the plaintiff added another defendant, who was also diverse, and that defendant removed the case, with the consent of the initial defendant.  *Id*.  Most cases involving the application of the one-year rule in section 1446(c)(1) are similar in that the subsequent event that gave rise to the removal was either adding a new defendant or dismissing a previous defendant.  *See* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, AND JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3731 n.114 (4th ed. 2009).  Here, no change of parties occurred. Consequently, the issue here is whether the one-year rule in section 1446(c)(1) applies when an action actually was removable at the time that it was commenced but the allegations in the complaint pertinent to the issue of diversity of citizenship made it appear that the action was not removable.

Assuming, without deciding, that the one-year rule applies, the statute has an exception.  The one-year rule does not apply if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).

6

Here, defendants argue in their response to Bradbury's motion for remand that Bradbury acted in bad faith in an effort to avoid removal.  Document #22 at 7.  As evidence, the defendants point to the allegations in the complaint and the two amended complaints that Bradbury "is an individual citizen and has been a resident of Pulaski County, Arkansas, for more than sixty (60) days prior to the filing of this action."  Document #2 at 2, ¶4; Document #5 at 2, ¶4; Document #12 at 2, ¶4.  The defendants also point to the transcript of Bradbury's deposition, taken on October 13, 2015, when he testified that when the action was filed on July 2, 2014, he was living in the state of Texas with his wife, had lived there for more than two years, and did not have a residence in the state of Arkansas.  Document #21 at 13, 20-21.

Bradbury has not responded to the defendants' argument on this point.  He neither contests the facts recited by the defendants nor makes any argument that these facts fail to show bad faith. Consequently, the Court finds that Bradbury acted in bad faith in order to avoid removal jurisdiction.

## CONCLUSION

For the foregoing reasons, Bradbury's motion to remand is DENIED.  Document #20.

IT IS SO ORDERED this 8th day of December, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE