**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SPENCER BRADBURY                                                                                        PLAINTIFF

v.                                      No. 4:15CV00644 JLH

W. ANDREW HOLITIK; EDWARD WAGONER;
and W. ANDREW HOLITIK FLORAL
EVENTS AESTHETICS                                                                                    DEFENDANTS

**OPINION AND ORDER**

Spencer Bradbury brings this action against W. Andrew Holitik, Edward Wagoner, and W. Andrew Holitik Floral Events Aesthetics alleging a claim for breach of contract or, in the alternative, for unjust enrichment. The dispute arises out of an agreement reached in Arkansas related to unpacking and performing interior decorating at Bradbury's home in Texas. Bradbury alleges that the defendants not only failed to complete the job, but exceeded the agreed-upon price. The defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the second amended complaint fails to state any claim against Wagoner. Because the defendants submitted affidavits from Holitik and Wagoner in support of this contention, the Court converted the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and permitted the parties to provide additional information. The parties provided the Court with deposition testimony in support of their positions. For the following reasons, the motion for summary judgment on the claims against Wagoner is granted.

Bradbury alleges in the second amended complaint that Holitik and Wagoner are co-owners of W. Andrew Holitik Floral-Events-Aesthetics, a partnership in which Holitik is responsible for the design work and Wagoner is responsible for the finances. According to the second amended complaint, the defendants agreed to unpack and decorate Bradbury's home subject to a $50,000

budget. Bradbury gave the defendants access to his credit cards and the defendants were required to provide him with itemized receipts for all expenses. The agreement called for substantial completion of the project by August 4, 2013. On August 6, Holitik left Bradbury's home without completing the project. He requested an extension and returned on September 17 but left on September 21 without completing the project. Bradbury's wife informed the defendants on November 17 that they had missed the extended deadline. Holitik returned again on November 22 to continue the project and to work on a different project involving Thanksgiving decorations. He left on November 25 without completing the original project. Bradbury contacted Holitik on November 27 and requested that he complete the project, but Holitik refused and repudiated the agreement. Holitik exceeded the agreed-upon budget by $50,501, accruing $100,501 in expenses. Holitik often did not explain the expenses or provide corresponding receipts.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The court must view the evidence in the light most favorable to the

nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).

Bradbury does not contend that he entered into an agreement directly with Wagoner. Rather, he contends that his discussions with Holitik created a contract between himself and W. Andrew Holitik Floral Events Aesthetics, which, he argues, is a partnership between Holitik and Wagoner. The parties entered into the agreement in Arkansas, the services were performed pursuant to the agreement in Texas, and the business entity that Wagoner allegedly co-owns was formed in Illinois. Neither party raises a conflict of law issue; both parties seem to assume that Illinois law applies. Document #42 at 4; Document #43 at 4. "The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits." *BbserCo. Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003) (quoting *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 (7th Cir. 1991)). The Court need not decide whether Arkansas or Illinois law applies because both states have adopted the Uniform Partnership Act. *See Spence v. Tatum*, 960 F.2d 65, 67 (8th Cir. 1992); ARK. CODE ANN. § 4-46-202; 805 ILL. COMP. STAT. ANN. 206/202.

The Uniform Partnership Act defines a partnership as an association of two or more persons to carry on as co-owners of a business for profit. *Rigsby v. Rigsby*, 346 Ark. 337, 341, 57 S.W.3d 206, 209 (2001); *Snyder v. Dunn*, 638 N.E.2d 744, 747 (Ill. App. Ct. 1994). A person who receives a share of the profits of a business–with some exceptions–is presumed to be a partner. ARK. CODE

ANN. § 4-46-202; 805 ILL. COMP. STAT. ANN. 206/202. Bradbury must establish by a preponderance of the evidence that a partnership existed between Holitik and Wagoner, i.e., that they co-owned a business for profit, for Wagoner to be liable for breach of contract or unjust enrichment. *See Rigsby*, 346 Ark. at 341, 57 S.W.3d at 209. *See also* ARK. CODE ANN. § 4-46-306 ("[A]ll partners are liable jointly and severally for all obligations of the partnership . . ."); 805 ILL. COMP. STAT. ANN. 206/306.

Holitik and Wagoner have submitted affidavits. Both affidavits say that Holitik and Wagoner are not co-owners of any legal entity or business enterprise; that Holitik operates as a sole proprietorship under the name of W. Andrew Holitik, Floral-Events-Aesthetics, which Holitik owns entirely; that the references in the complaint to the "defendants" as plural are erroneous; that the only discussion leading up to the work occurred between Bradbury and Holitik; that Wagoner has never entered into any business transactions with Bradbury in Pulaski County; and that Bradbury did not hire Wagoner to do anything. Documents #35-1 and #35-2.

Bradbury and the defendants submitted excerpts of deposition testimony from Bradbury, his wife Laura, Wagoner, and Holitik. Document #42; Document #43. The facts established by those depositions are: (1) Wagoner's relationship with the business involved the performance of financial accounting services (Document #42-1 at 7; Document #42-3 at 8; Document #42-4 at 5; Document #43-2 at 7); (2) Wagoner made loans to the business (Document #42-1 at 7-8; Document #42-3 at 7); and (3) Wagoner was the guarantor on the business's bank account (Document #42-2 at 7).

Bradbury also attached text messages to the second amended complaint showing that Wagoner and Holitik had a close personal relationship. Document #12 at 74, 134. In *Spence v. Tatum,* the Eighth Circuit considered Arkansas and Illinois law, holding that no submissible case

on partnership existed between a husband and a wife though they shared in the profits of the business and the wife engaged in various activities on behalf of the business. 960 F.2d at 69. The wife occasionally contributed her paycheck to the business, performed typesetting work, issued checks, answered the telephone, and solicited an investment for the business. *Id*. The Eighth Circuit stated that these services were "extremely minor" and insufficient to establish that the parties intended to form a partnership. *Id*. at 68. Though Holitik and Wagoner are not married, there is evidence that any services Wagoner performed for the business or any loans made to the business stemmed from a personal relationship rather than an intent to form and operate a partnership. *See Argianas v. Chestler*, 631 N.E.2d 1359, 1369 (Ill. App. Ct. 1994) (citing the manner in which the parties have dealt with each other as a circumstance relevant to the existence of a partnership); *Compare Brandenburg v. Brandenburg*, 234 Ark. 1117, 1119-20, 356 S.W.2d 625, 627 (1962) (finding that the advancement of money toward the business corroborated the existence of a partnership where advancements were made with the understanding that equipment would be purchased for the business, the name would be changed, and the individual advancing the money would receive one-third of the net profits).

Bradbury has failed to present evidence that contradicts Wagoner's and Holitik's affidavits in which they state that they are not co-owners of the business. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1189 (8th Cir. 2015) (requiring the non-movant to "meet proof with proof" by challenging or contradicting testimony provided by the movant)). That Wagoner provided services for and loans to the business does not make him a co-owner of it. There is no evidence upon which a reasonable jury could base a finding that Wagoner and Holitik operated W. Andrew Holitik Floral Events Aesthetics as partners. Therefore, Wagoner

is entitled to judgment as a matter of law on Bradbury's claim for breach of contract and, in the alternative, for unjust enrichment.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss converted to a motion for summary judgment as to the claims against Wagoner is GRANTED. Document #35.

IT IS SO ORDERED this 2nd day of May, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE