## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SPENCER BRADBURY                                                    PLAINTIFF

v.                                    No. 4:15CV00644 JLH

W. ANDREW HOLITIK; EDWARD WAGONER;
and W. ANDREW HOLITIK FLORAL
EVENTS AESTHETICS                                                   DEFENDANTS

### OPINION AND ORDER

Spencer Bradbury brought this action against W. Andrew Holitik, Edward Wagoner, and W. Andrew Holitik Floral Events Aesthetics alleging claims for fraud and breach of contract, or in the alternative unjust enrichment. Document #12. The Court dismissed Count II for fraud pursuant to Federal Rule of Civil Procedure 12(b)(6). Document #41. The Court dismissed Counts I and III against Wagoner pursuant to Rule 56. Document #44. Counts I and III against Holitik remain. The defendants filed a counterclaim against Bradbury pursuant to Rule 13, alleging claims for breach of contract, unjust enrichment, fraud, constructive fraud, and violations of the Arkansas Deceptive Trade Practices Act (ADTPA). Document #23. The Court dismissed the claims for fraud, constructive fraud, and violations of the ADTPA pursuant to Rule 12(b)(6). Document #33. The claims against Bradbury for breach of contract and unjust enrichment remain. Now, Bradbury has filed a motion for reconsideration, contending that the Court should not have granted summary judgment pursuant to Rule 56 in favor of Wagoner and that the Court should reverse its decision pursuant to Rule 59(e). Document #47. Separate defendant Wagoner has also filed a motion for attorney's fees. Document #45. For the following reasons, Bradbury's motion is denied and the Court will defer action on Wagoner's motion until a final judgment is rendered.

Though Bradbury cited Rule 59(e) as the source for the Court's authority to reverse its decision to grant summary judgment, motions to reconsider are governed by Rule 54(b) when no

final judgment has been entered.  Rule 54(b) provides that, in the absence of a final judgment, any order that adjudicates fewer than all of the claims of fewer than all of the parties is subject to revision at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all of the parties. Fed. R. Civ. P. 54(b).  Here, the Court's opinion at issue, Document #44, was an interlocutory order adjudicating only the claims for breach of contract and unjust enrichment against Wagoner.  The Court has even broader discretion under Rule 54(b) than Rule 59(e).  *Wells' Dairy Inc. v. Travelers Indem. Co. of Illinois*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion."  *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982)); *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell*, 827 F.2d at 251).

Bradbury first argues that "this Court created an unjust result where Separate Defendant Edward Wagoner is allowed to maintain claims against Plaintiff for unjust enrichment, but Plaintiff is not permitted to finish discovery to present proof of *his* unjust enrichment claim against Edward Wagoner."  Document #48 at 1 (emphasis in original).  Bradbury laments that he has not yet completed the deposition of Holitik, nor has he been able to draft and submit interrogatories, request for admissions, and request for production of documents relating to Wagoner's involvement in Holitik's business. *Id.* Setting aside the fact that the parties have been litigating this case for almost two years–first in the Circuit Court of Pulaski County and now in federal court–Bradbury had at his

disposal Rule 56(d) when the Court converted the defendants' motion to dismiss the claims against Wagoner to a motion for summary judgment.

Rule 56(d) provides a mechanism by which a nonmovant without access to essential facts may gain more time to respond to summary judgment and states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Fed. R. Civ. 56(d). Bradbury argued that summary judgment was premature but failed to utilize Rule 56(d) and proceeded to offer evidence. Document #42. As for Bradbury's contention that it is not fair that Wagoner is able to pursue claims for breach of contract and unjust enrichment against him, but he does not get to pursue them against Wagoner, the Court used the Rule 12(b)(6) standard to deny Bradbury's motion to dismiss the defendants' counterclaims for breach of contract and unjust enrichment. Document #33. The Court applied the standard to the facts alleged and held that the facts alleged in the counterclaim stated claims for breach of contract and unjust enrichment under Arkansas law. Document #33 at 3-4. In the opinion at issue here, the Court applied the Rule 56 standard to hold that the evidence before the Court was insufficient to create a genuine dispute of material fact as to whether Wagoner's involvement with the business rose to the level required to make him liable as a partner. Document #44. These holdings–one based merely on facts alleged and one based on the evidence–do not contradict one another and do not create an unjust result.

Bradbury also argues that "this Court did not fully account for the existence of all disputed material facts that Plaintiff swore in opposition to the motion for summary judgment." Document #48 at 1. Bradbury insists that the Court committed an error of law because he believes that the evidence creates a factual dispute as to whether a partnership existed between Holitik and Wagoner.

*Id.* at 5-7.  But the Court thoroughly evaluated the evidence presented and determined that Bradbury failed to produce evidence upon which a reasonable jury could base a finding that Wagoner and Holitik operated W. Andrew Holitik Floral Events Aesthetics as partners.  Document #44.  Bradbury did not show that Holitik and Bradbury agreed to share the profits.  He showed only that any involvement Wagoner had with the business stemmed from his close personal relationship with Holitik.  There was simply not enough evidence to show that the two operated the business as a partnership.  Further, a motion to reconsider is not a proper vehicle to simply rehash issues or to reargue and express disagreement with the Court's determination that judgment was a matter of law was appropriate, absent some manifest error of law or fact.  Here, there was no such error.

Finally, Bradbury maintains that "[t]his Court did not consider Wagoner's personal liability for his actions apart from the business."  Document #48 at 3.  The Court stated: "Bradbury does not contend that he entered into an agreement directly with Wagoner.  Rather, he contends that his discussions with Holitik created a contract between himself and W. Andrew Holitik Floral Events Aesthetics, which he argues, is a partnership between Holitik and Wagoner."  Document #44 at 3.  The Court recited Bradbury's own theory of the case, that Wagoner's liability hinged on his involvement with the business.  Document #12 at 2, ¶¶3, 26; Document #38; Document #44.  Bradbury alleged facts pertaining to Wagoner's personal involvement in order to show that he was a partner in the business.  *Id.* at 7, ¶¶27-29 ("Further, Defendant Edward Wagoner spoke with Plaintiff's father and assured him that he (Defendant Edward Wagoner) would correct the financial issues, which clearly indicates he had ownership and control alongside Defendant W. Andrew Holitik.").  And Bradbury's response in opposition to summary judgment in favor of Wagoner is silent as to Wagoner's personal liability apart from his involvement with the business as a partner.  *See* Document #42.

4

Bradbury even raises a new theory of liability in his reply to the defendants' response to his motion for reconsideration, stating that "[i]f Plaintiff has not met his burden in showing that Defendant Wagoner is a partner Plaintiff has at least shown that Defendant Wagoner was a purported partner of the business and Defendant W. Andrew Holitik."  Document #52 at 2.  Not only is the scope of a reply brief limited to addressing the arguments raised by the opposing party in its response, the Court will not consider a new legal theory on a motion for reconsideration.  Bradbury raises these theories of separate liability and liability through partnership by estoppel now because his original theory failed.  Just as a party cannot use a motion for reconsideration to introduce new evidence that was available during the pendency of the summary judgment action, a party cannot raise a new theory of liability in a motion for reconsideration.  *United States v. Metro. St. Louis Sewer Dis.*, 440 F.3d 930, 993 (8th Cir. 2006).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for reconsideration, Document #47, is DENIED.  The Court defers action on separate defendant Wagoner's motion for attorney's fees, Document #45, until a final judgment is rendered.

IT IS SO ORDERED this 3rd day of June, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE