# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SPENCER BRADBURY                                                                                      PLAINTIFF

v.                                              No. 4:15CV00644 JLH

W. ANDREW HOLITIK; EDWARD WAGONER;
and W. ANDREW HOLITIK FLORAL
EVENTS AESTHETICS                                                                                DEFENDANTS

## OPINION AND ORDER

Spencer Bradbury brought this action against W. Andrew Holitik, Edward Wagoner, and W. Andrew Holitik Events Aesthetics alleging claims for fraud and breach of contract, or in the alternative unjust enrichment. Document #12. Holitik and Wagoner filed a counterclaim against Bradbury for breach of contract, abuse of the judicial process, defamation, and violating the Arkansas Deceptive Trade Practices Act.[1] The Court dismissed the fraud claim pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Document #41. The Court dismissed all claims against Wagoner pursuant to Rule 56. Document #44. The breach of contract and unjust enrichment claims against Holitik and his business remain. Bradbury has filed a motion for partial summary judgment pursuant to Rule 56. Document #77. He asserts that it is undisputed that the defendants are liable for either breach of contract or, in the alternative, unjust enrichment and the only issue of fact for a jury is the amount of damages. For the following reasons, the motion is denied.

The following facts are undisputed. Bradbury and his wife, Laura, hired Holitik to unpack and decorate their home. The parties agreed to a $50,000 budget. The parties did not reduce their agreement to writing. Holitik spent more than $50,000, charging expenditures to a credit card provided to him by Bradbury. Holitik used the credit card to purchase gas, food, and alcohol, in

---

[1] Bradbury has not moved for summary judgment on the counterclaim.

addition to furniture, goods, and decor. Holitik withdrew and transferred funds from Bradbury's account. The unpacking and decorating job was not complete on August 4. The Bradburys again hired Holitik to decorate their home for Thanksgiving. The parties agreed to a $2,500 budget. The parties did not reduce their agreement to writing. Holitik spent more than $52,500 on the unpacking and decorating and Thanksgiving jobs combined.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id*. But if the moving party bears the burden of proof on a claim at trial, he must affirmatively show that, on all essential elements of the claim, no reasonable jury could find for the nonmoving party.

*USC Enter., LLC Shah v. Ahmed*, 2016 WL 4148276 (E.D. Ark. Aug. 4, 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986) (Brennan, J. dissenting); *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015); *Smith v. Ozmint*, 578 F.3d 246, 250 (4th Cir. 2009); *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cnty*. 941 F.2d 1428, 1438 (11th Cir. 1991); *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)). "In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in the denial of summary judgment." *Leone*, 810 F.3d at 1153 (quoting 11 Jeffrey W. Stempel & Steven S. Gensler, Moore's Federal Practice, § 56.40[c][c] (3d ed. 2015)).

To prevail on the breach of contract claim, Bradbury must show there is no genuine dispute as to (1) the existence of a valid and enforceable contract; (2) the obligation of Holitik thereunder; (3) a violation by Holitik; and (4) damages resulting from the breach. *Perry v. Baptist Health*, 358 Ark. 238, 244, 189 S.W.3d 54, 58 (2004). The essential elements of a contract are (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligation. *Bank of the Ozarks, Inc. v. Walker*, 2016 Ark. 116, 2, 487 S.W.3d 808, 810. Bradbury maintains that the parties entered into two express, valid, and enforceable oral contracts—one for unpacking and decorating the house and another for Thanksgiving decorations—and that Holitik breached both contracts. Holitik, however, argues that these contracts are unenforceable because the terms were never specified and that even if the contracts are enforceable, they do not include the terms asserted by Bradbury.

It is clear from the parties' depositions that the Bradburys and Holitik had some sort of agreement, and that Holitik was working for the Bradburys during the summer and fall of 2013. The issue is whether Bradbury has met his burden to provide the Court with sufficient evidence of the

contracts' particular terms and in turn Holitik's obligations under the contracts and his breach of those obligations. *See DaimlerChrylser Corp. v. Smelser*, 375 Ark. 216, 289 S.W.3d 466, 470 (2008). "[A] court cannot make a contract for the parties, but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract; and . . . it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective indicators." *Williamson v. Sanofi Winthrop Pharm., Inc.*, 347 Ark. 89, 98, 60 S..W.3d 428, 434 (2001). Without sufficient evidence of the contracts' terms, there is no basis for the Court to determine Holitik's obligations, nor enough evidence to say whether he breached those obligations.

Bradbury and Holitik both say they entered into an oral agreement pursuant to which Holitik promised to unpack and decorate the Bradburys' home and that they entered into a separate oral agreement to which Holitik promised to decorate the home for Thanksgiving. *See* Document #80-1 at 40-43; Document #77-1 at 10. But the parties disagree about the particulars. The alleged "breach" is Holitik's failure to complete the job in the time agreed upon, failing to provide all the materials chosen and paid for by Bradbury, and exceeding the agreed-upon budget. Document #12 at 4, 8-9. ¶¶13, 32-40. The following facts are disputed. First, the Bradburys say that Holitik was not authorized to use their credit card to purchase gas, food, or alcohol. Holitik says that the agreements with the Bradburys did not include such a limitation, but instead the Bradburys authorized him to make such purchases. Second, the Bradburys say that Holitik was not authorized to spend more than $50,000 on the unpacking and decorating job, nor to spend more than $2,500 on the Thanksgiving job. Holitik says that the Bradburys not only authorized him to exceed the budget, but they requested that he do additional work. Third, the Bradburys say that the unpacking and

decorating job was to be "largely" completed by August 4, but that it remained incomplete. Holitik says the job was "largely" completed by August 4.

Summary judgment in favor of Bradbury is precluded by the existence of these factual disputes about the particular terms of the contracts. *See Napoleon Hill Cotton Co. v. Gray*, 99 Ark. 648, 137 S.W. 827 (1911) (holding that when a contract is made orally and each party introduces testimony, which if true, establishes his contention, the jury weighs the evidence to establish the nature of the contract). *See also Cherne Contracting Corp. v. Marathon Petroleum Co., LLC*, 578 F.3d 735, 740 (8th Cir. 2009) ("[A] jury is to decide material questions of fact regarding the existence or terms of an oral or implied contract." (applying Minnesota law)). While the existence of disputed terms in an oral contract does not necessarily preclude summary judgment, it does in this case because Bradbury has failed to show, as the moving party who also bears the burden on all essential elements of his claim at trial, that no reasonable jury could find for Holitik. The same reasoning applies to Bradbury's alternate claim for unjust enrichment.

## CONCLUSION

For the foregoing reasons, Bradbury's motion for partial summary judgment is DENIED. Document #77.

IT IS SO ORDERED this 6th day of April, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

5